## In re CENDANT CORPORATION LITIGATION.

### Civ. No. 98–1664(WHW).

United States District Court,
D. New Jersey.

Feb. 5, 2003.

---

**6.** The appropriate algorithm is $x + .15x = \$38,786.51$ with $x$ equaling the direct salaries available for Head Start teachers.

Robert E. Tarleton, Summit, NJ, for special master.

Allyn Zissel Lite, Lite, Depalma, Greenberg and Rivas, LCC, Newark, NJ, A. Richard Ross, Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, Roseland, NJ, John J. Barry, Tompkins, McGuire, Wachenfeld & Barry, LLP, Newark, NJ, Howard B. Sirota, Sirota & Sirota, New York City,Michael S. Etkin, Esq., Ravin, Sarasohn, Cook, Baumgarten, Fisch & Rosen, P.C., Roseland, NJ, Seth R. Lesser, Bernstein, Litowitz, Berger & Grossman, LLP, New York City, Kalikman and Masnik, Haddonfield, NJ, Steven Pasternak, Feldman & Plutnick, Somerville, NJ, James V. Bashian, Fairfield, NJ, Peter S. Pearlman, Cohn, Lifland, Pearlman, Herrmann & Knopf, LLP, Saddle Brook, NJ, Joseph P. Lasala, McElroy, Deutsch & Mulvaney, Morristown, NJ, Charles N. Riley, Riley & Sandilos, Cherry Hill, NJ, Donna Siegel Moffa, Trujillo, Rodriguez & Richards, LLC, Samuel Robbins Simon, Barrack, Rodos & Bacine, Esqs., Haddonfield, NJ, Michael F. Brandman, Weiler & Brandman, Cranford, NJ, David M. Taus, Hackensack, NJ, Andrew Robert Jacobs, Epstein, Fitzsimmons, Brown, Ringle, Gioia & Jacobs, PC, Chatham Township, NJ, William J. Pinilis, Morristown, NJ, Robert A. Hoffman, Barrack, Rodos & Bacine, Esqs., Haddonfield, NJ, Leonard Koerner, Paul A. Crotty, Corporation Counsel for City of New York, New York City, Lisa J. Rodriguez, Trujillo, Rodriguez & Richards, LLC, Haddonfield, NJ, Roger Kirby, Kirby, McInerney & Squire, LLP, New York City, Nicholas E. Chimicles, Chimicles & Tikellis, LLP, Haverford, PA, Jonathan O. Bauer, Anderson, Kill, & Olick, P.C.Y, LLP, Newark, NJ, Andrew M. Schatz, Schatz & Nobel, Hartford, CT, Bryan L. Clobes, Miller, Faucher & Cafferty, LLP, Philadelphia, PA, Charles Harry Landesman, Law, Froelich & Landesman, I. Walton Bader, Bader and Bader, White Plains, NY, Andrew J. Entwistle, Entwistle & Cappucci LLP, Florham Park, NJ, Joseph J. Depalma, Lite, Depalma, Greenberg and Rivas, LCC, Newark, NJ, Steven Pontell, Verde, Steinberg & Pontell, Fort Lee, NJ, Joel M. Leifer, Joel M. Leifer & Associates, New York City, Seth T. Taube, McCarter & English, LLP, Newark, NJ, Gerald W. Palmer, Ricky L. Shackelford, Jones, Day, Reavis & Pogue, Los Angeles, CA, Eugene John Sullivan, Tompkins, McGuire, Wachenfeld & Barry, Newark, NJ, Joel M. Kozberg, Henry D. Gradstein, Eileen Miriam Cohn, Gradstein, Luskin, & Van Dalsem, Los Angeles, CA, D. Gregory Durbin, McCormick Barstow Sheppard, Wayte and Carruth, Fresno, CA, Margaret E. Haering, Hurwitz & Sagarin, LLC, Milford, CT, Michael J. Pucillo, Burt & Pucillo, Esqs., West Palm Beach, FL, George C. Freeman, III, Stone, Pigman, Walther, Wittman & Hutchinson, LLP, New Orleans, LA, Laurence Greenwald, Stroock & Stroock & Lavan, New York City, Michael J. Coslit, Fitzsimmons & Ringle, P.C., Newark, NJ, Brian L. Wamsley, Goodwin Procter LLP, New York City, Michael H. Schaalman, Quarles & Brady, Milwaukee, WI, for plaintiff/consolidated plaintiff.

Samuel Kadet, Skadden, Arps, Slate, Meagher & Flom, LLP, Newark, NJ, Carl Greenberg, Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, Short Hills, NJ, Robert Thomas Wright, Jr., Verner, Liipfert, Berhard, McPherson & Hand, Miama, FL, Harold A. Laufer, Davis & Kuelthau, Milwaukee, WI, Harry Simms Hardin, III, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, Steven S. Radin, Sills, Cummis, Zuckerman, Radin, Tischman Epstein & Gross, Leda Dunn Wettre, Robinson, Lapidus & Livelli, Donald A. Robinson, Robinson & Livelli, Esqs., William F. Maderer, Saiber, Schlesinger, Satz & Goldstein, Esqs., Newark, NJ, Richard Schaeffer, Bruce Handler, Dornbush, Mensch, Mandelstam, & Schaeffer, New York City, Richard Schaeffer, Bruce Handler, Dornbush, Mensch, Mandelstam & Schaeffer, New York City, Herbert Jay Stern, Stern & Greenberg, Esqs., Roseland, NJ, Kathleen Holly Dooley, Shanley & Fisher, P.C., Morristown, NJ, Thomas G. Griggs, Edwards & Caldwell, Hawthorne, NJ, Douglas Scott Eakeley, Lowenstein Sandler PC, Roseland, NJ, Natalie M. Hiott, Mayer, Brown, Rowe & Maw, New York, NY, Caryn L. Jacobs, Mayer, Brown & Platt, Chicago, IL, Joanna A. Diakos, Hughes Hubbard & Reed, LLP, Saddle River, NJ, James E. Lyons, Skadden, Arps, Slate, Meagher & Flom, San Francisco, CA, for defendant/consolidated defendant.

Robert Joseph Fettweis, Wolf, Block, Schorr and Solis–Cohen, LLP, Newark, NJ, for third-party defendant.

Allyn Zissel Lite, Lite, Depalma, Greenberg and Rivas, LCC, Newark, NJ, Jill S. Abrams, Abbey, Gardy & Squitieri, LLP, New York City, Stephen D. Oestreich, Wolf & Popper, LLP, New York City, Adam N. Saravay, Mc Carter & English, Marvin M. Goldstein, Corporation Employee Savings, Proskauer Rose LLP, Newark,

NJ, Richard Galex, Galex, Tortoreti and Tomes, P.C., East Brunswick, NJ, C. Benjamin Nutley, Kendrick & Nutley, Beverly Hills, CA, David Kersh, Southfield, MI, Lawrence W. Schonbrun, Berkeley, CA, Tricia Bevelock–O'Reilly, Connell Foley, LLP, Roseland, NJ, Victor M. Earle, O'Melveny & Myers, LLP, New York City, Gary S. Graifman, Kantrowitz, Goldhamer & Graifman, Esqs., Montvale, NJ, Allen J. Barkin, Schwartz, Barkin & Mitchell, Union, NJ, Paul Weissman, Paul J. Fishman, Friedman, Kaplan, Seiler & Adelman, LLP, Newark, NJ, David M. Taus, Hackensack, NJ, for movant.

Samuel Kadet, Skadden, Arps, Slate, Meagher & Flom, LLP, Newark, NJ, Carl Greenberg, Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, Short Hills, NJ, for cross-claimant/counter-defendant.

Douglas Scott Eakeley, Lowenstein, Sandler, PC, Roseland, NJ, Natalie M. Hiott, Mayer, Brown, Rowe & Maw, New York City, Caryn L. Jacobs, Mayer, Brown & Platt, Chicago, IL, for counter-claimant/third-party plaintiff.

Michael M. Rosenbaum, Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, Short Hills, NJ, Edward J. Dauber, Greenberg, Dauber, Epstein & Tucker, PC, Newark, NJ, Steven D. Grossman, Walder, Sondak & Brogan, Esqs., Walder, Hayden & Brogan, Roseland, NJ, Eric Tunis, Kirkpatrick & Lockhart, LLP, Newark, NJ, for third-party defendant.

Eric Tunis, Kirkpatrick & Lockhart, LLP, Newark, NJ, for cross-claimant.

Edward J. Dauber, Greenberg, Dauber, Epstein & Tucker, PC, Newark, NJ, counter-claimant/cross-claimant.

Samuel Kadet, Skadden, Arps, Slate, Meagher & Flom, LLP, Newark, NJ, Carl Greenberg, Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, Short Hills, NJ, Robert Thomas Wright, Jr., Verner, Liip-

fert, Berhard, McPherson & Hand, Miama, FL, Harold A. Laufer, Davis & Kuelthau, Milwaukee, WI, Harry Simms Hardin, III, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for third-party plaintiff/cross-defendant/cross-claimant.

## OPINION

WALLS, District Judge.

This matter comes before the Court on petition of Lead Counsel for an award of attorney's fees. The Court heard oral argument on the petition on December 30, 2002, and for the following reasons approves an award of attorneys fees of $55 million plus interest.

### Factual and Procedural Background

The history of this case is well-known to the parties and has been described at length in several documents, including this Court's opinion of August 15, 2000 (the "August 2000 Opinion"). *See In re Cendant,* 109 F.Supp.2d 235 (D.N.J.2000), aff'd in part, rev'd in part 264 F.3d 201 (3d Cir.2001). In the August 2000 Opinion and accompanying order, the Court approved the settlement of the underlying dispute between Cendant and its shareholders and awarded Lead Counsel a fee of approximately $262 million based on the fee grid approved by the Court at the outset of the litigation. In doing so, the Court determined that the fee grid, selected through an auction process, would substitute for the fee provisions included in the Retainer Agreement negotiated between Lead Plaintiffs and Lead Counsel dated June 10, 1998 (the "Retainer Agreement"). The Retainer Agreement included a fee provision providing for up to $187 million in fees.

On appeal, the Third Circuit affirmed the Court's approval of the settlement, but vacated the fee award and remanded the question of attorneys fees with instructions that the Court "decline to consider any further fee requests that are not submitted with the prior approval of the funds." 264 F.3d at 286.

Lead Plaintiffs and Lead Counsel now petition this Court to approve a fee of $55 million plus interest for services rendered in this case. The Court received objections to the request from the firms of Sirota & Sirota on behalf of shareholder the Joanne A. Aboff Family Trust ("Sirota"), Kendrick & Nutley on behalf of shareholder Tere Throenle ("Nutley"), and the Law Offices of Lawrence W. Schonbrun on behalf of shareholder Faye Schonbrun ("Schonbrun"). Schonbrun did not appear at the December 30, 2002 hearing on the petition; thus, the Court will consider the objections as outlined in his papers.

### Discussion

#### A. Standard

In remanding the question of attorney's fees to this Court, the Third Circuit iterated the "standards that should guide the District Court's discretion in considering fee requests under the [Private Securities Litigation Reform Act ("PSLRA" or "Reform Act")] that will be the principal focus on remand so as to help bring this now protracted matter to a close." *In re Cendant,* 264 F.3d at 281. The Third Circuit made clear that the scope of this Court's obligation to ensure the reasonableness of a fee request is different under the Reform Act from other cases because, due to the Reform Act's provisions for the selection of lead plaintiff and lead counsel, "courts have far more reason at the outset to think that counsel selection and retention were done in the best interest of the class in a typical Reform Act case than they do in other class action contexts." *Id.* at 282. Given the requirements of the

PSLRA, a properly-selected lead plaintiff is "in the best position ... to determine (at least initially) what its lead counsel's fee should be." *Id.*

■ Therefore, the Third Circuit held, under the PSLRA, courts should accord a presumption of reasonableness to any fee request submitted pursuant to a retainer agreement that was entered into between a properly-selected lead plaintiff and a properly-selected lead counsel. *Id.* In this case, Lead Plaintiff and Lead Counsel (whose selection the Third Circuit approved) entered into the Retainer Agreement, which provided for attorney's fees of up to $187 million. After engaging in negotiations over a proper fee request, however, Lead Plaintiffs and Lead Counsel now seek $55 million in fees—approximately 30 % of the amount provided for in the Retainer Agreement. Because this lower amount was the product of negotiations between Lead Plaintiff and Lead Counsel, the principles articulated by the Third Circuit in justifying the presumption of reasonableness for fee awards in retainer agreements apply to the current request. Therefore, the fee request of $55 million is subject to a presumption of reasonableness.

■ As made clear by the Third Circuit, the presumption of reasonableness may be rebutted upon a prima facie showing by an objector that the fee is "clearly excessive." *In re Cendant*, 264 F.3d at 283. In making this clear excessiveness inquiry, district courts should be primarily guided by the factors set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n. 1 (3d. Cir.2000):

1. The size of the fund created and the number of persons benefitted.

2. The presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel.

3. The skill and efficiency of the attorneys involved.

4. The complexity and duration of the litigation.

5. The risk of nonpayment.

6. The amount of time devoted to the case by plaintiff's counsel

7. The awards in similar cases.

The analysis of the *Gunter* factors in the Reform Act context is slightly different from the typical class action case, however. First, the purpose of the analysis in not to determine the reasonableness of the fee request, as it is in most cases; rather, "the goal is to determine whether the presumption of reasonableness has been rebutted." *In re Cendant*, 264 F.3d at 284. Second, as is the situation in all-mega fund cases, factors (1), (3), and (7) "should receive less weight." *Id.* at 283–84, *quoting In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283, 289 (3d Cir.1998). In a Reform Act case, factors (3) and (7) are of especially little use, factor (3) (the skill and efficiency of the attorneys) because the PSLRA "assumes that properly-selected lead plaintiffs are at least as able to answer those questions as courts" and factor (7) (awards in similar cases) because of the relative paucity of caselaw developed under the still-youthful PSLRA. *In re Cendant*, 264 F.3d at 284. Finally, the Third Circuit held that a lodestar crosscheck is not required in a Reform Act case, but rather "may" be utilized "if necessary." *Id.* at 285. Presumably, such a crosscheck is "necessary" when an analysis of the *Gunter* factors indicates that the presumption afforded to the requested fee may be rebuttable, that is, the fee may be clearly excessive.

## B.  Application

In remanding this case, the Third Circuit expressed its view that the originally proposed fee of $262 million and the fee of $187 million included in the Retainer Agreement were both "staggering in size" and may have "represent[ed] compensation at an astonishingly high hourly rate." *In re Cendant*, 264 F.3d at 285. Noting that "this was a simple case in terms of liability" and that "the case was settled at a very early stage, after little formal discovery," the Third Circuit noted that "the presumption of reasonableness must be seriously considered by the District Court on remand." *Id.*

█ Perhaps in response to the concerns expressed by the Third Circuit, Lead Plaintiff and Lead Counsel engaged in negotiations and arrived at a fee request of $55 million—an amount representing 21 % of the original fee request, 30 % of the fee provisions of the Retainer Agreement, and 1.7 % of the $3.2 billion award won pursuant the Settlement Agreement. The $55 million request, on its face, does not strike the Court as clearly excessive. The Court will analyze whether the fee request is clearly excessive under the *Gunter* factors.[1]

*Size of the fund created and the number of persons benefitted.* As noted, this factor should receive relatively less weight than other factors in "mega fund" cases such as this one. Nevertheless, it is undisputed that the size of the fund created by the settlement, $3.2 billion, is very large, and that the fund will benefit more than 119,000 class members each of whom will be receiving a payment of approximately 40 percent of his or her claim. The Court also notes that only 234 members of the class chose to opt out of the settlement.

*Presence or absence of substantial objections by members of the class to the settlement terms and/or the fees requested by counsel.* Objectors Nutley and Schonbrun argue that this factor weighs against approval of the requested fees based on the objections to the settlement agreement and the initial request of $262 million in fees, which both Nutley and Schonbrun argue were substantial. Indeed, the fact that the Third Circuit vacated this Court's initial award of fees supports the notion that the objections thereto were "substantial." This argument, however, misses the point; the issue is whether there are substantial objections to *this* petition for fees, not to past petitions, as the Court is evaluating only the current fee application, not previous applications. On *this* petition for fees only three objections were filed, and of those, Sirota's objections were limited to a handful of issues[2] and Schonbrun failed to appear at oral argument. It cannot be said that these objections are "substantial." This factor, therefore, does not support a finding that this fee request is clearly excessive.

*The skill and efficiency of the attorneys involved.* This factor, which is always of less weight in "mega-fund" cases, is of especially little utility in PSLRA cases. In such cases, the Court is to defer to the

---

1.  The Court joins Lead Plaintiff in observing that the objectors' arguments are advanced in a style that indicates they are challenging the reasonableness of the requested fee. Though that would be the standard in a "typical" class action case, the standard under the PSLRA, as noted, is whether the *Gunter* factors indicate that the requested fee is "clearly excessive," not whether it is "reasonable."

2.  As Lead Counsel notes, the bulk of Sirota's submissions are made in support of his own fee application (to be evaluated by this Court at a later date), not in opposition to Lead Counsel's application.

judgment of the Lead Plaintiff. In this case, Lead Plaintiff—in addition to retaining Lead Counsel and joining its current fee application—also submitted a declaration stating that they were well satisfied with Lead Plaintiff's work. Deferring to Lead Plaintiff's judgment, the Court finds nothing about this factor indicating that the requested fee is clearly excessive.

*The complexity and duration of the litigation.* As noted, the Third Circuit observed that this was a relatively simple case in terms of Cendant's liability and that the case was settled fairly early in the course of litigation. While the Court must defer to the Third Circuit's characterization, other parts of the case—including, for example, the liability of Ernst & Young, which contributed to the settlement—were more complex. Moreover, as described later, Lead Counsel's efforts to settle this matter at a relatively early stage has proved to be prescient, as other ongoing cases have been stayed pending resolution of related criminal trials. As a result the plaintiffs who opted out of the settlement find themselves facing long delays in resolving their individual claims. Indeed, given the manner in which events unfolded, it would seem bizarre to say the least to denigrate Lead Counsel's decision to settle the case at a relatively early stage of proceedings, since waiting to reach settlement might have resulted in many years of delay in the class members' recovery. In other words, as it turns out, Lead Counsel was fortunate to settle the case when it did. Consideration of this factor does not indicate that the fee request is clearly excessive.

*The risk of nonpayment.* Despite the Third Circuit's view that the case was simple as to Cendant's liability, Lead Counsel nevertheless faced several risks of nonpayment. First, the settlement had to be crafted to achieve the maximum possible award while ensuring that Cendant did not fall into bankruptcy. Moreover, as noted, by settling the case when it did, Lead Counsel avoided the delay associated with the stay of civil proceedings pending the current criminal investigations of individuals related to the case. Plaintiffs who did not take part in the settlement now must wait for the criminal proceedings to run their course—a result avoided by Lead Plaintiffs in settling the class action when they did. In short, although litigating the case appeared straightforward and carried somewhat less risk than some other cases might, practical and procedural questions made the risk of nonpayment not insubstantial. This factor does not lead the Court to conclude that the proposed fee award is clearly excessive.

*The amount of time devoted to the case by plaintiff's counsel.* Lead Counsel represent that over 35,000 hours have been spent to date in prosecuting this case. Throenle argues that this total is "astonishingly high" and should be viewed with "skepticism," given that through the end of 1999 Lead Counsel stated that they had spent 20,000 hours. Throenle also observes that the Third Circuit in remanding this action noted that "the settlement was achieved without a great deal of work by lead counsel." *In re Cendant,* 264 F.3d at 234. The Third Circuit also recognized, however, that Lead Counsel noted at the time of appeal that their representations on their fees based on time spent on the matter were "preliminary" and would ultimately be 50 to 100 percent higher. *Id.* at 285. In other words, Lead Counsel has said all along that the total time spent on the matter would be far greater than the representations made during their initial fee request before both this Court and the Third Circuit. More importantly, Throenle offers no basis for her assertion that the 35,000 hours Lead Counsel has spent on this matter are too many to be believed, nor does she take issue with any

of the tasks that Lead Counsel describes in specific detail in Max Berger's declaration submitted in support of Lead Counsel's petition. The Court, having reviewed Lead Counsel's submissions, does not find 35,000 figure too high to be believed or clearly excessive in light of the magnitude of this case. This factor does not indicate that the proposed fee award is clearly excessive.

*The awards in similar cases.* This factor is to receive less weight in PSLRA cases and does not lend any support to a finding that the proposed fee is clearly excessive.

In sum, the Court does not find that the *Gunter* factors support a prima facie finding that the proposed fee is clearly excessive. Although certain elements of the case and its settlement-including the relatively strong and straightforward case against Cendant on liability—might have justified a finding that the $187 million award contemplated by the Retainer Agreement was clearly excessive, the current fee request of $55 million is only 30 % of that amount. None of the objectors has raised any issue that would lead the Court to conclude that $55 million in fees in this case is clearly excessive, nor has the Court contemplated any factor that would lead to such a conclusion. Therefore, the Court holds that the requested fee is not clearly excessive and as a result the presumption of reasonableness is not rebutted. Having made such a finding, the Court elects not to utilize the discretionary lodestar cross-check, as it is not necessary in this case. The fee request is approved.

■ The lone remaining issue is whether Lead Counsel is entitled to interest on its requested fee. The Court can think of no principled reason why the interest on the 1.7 % of the settlement fund in which Lead Counsel has a stake should be paid to any party other than Lead Counsel, and none of the objectors has offered one. *See*

*In re Fine Paper Antitrust Litig.,* 751 F.2d 562, 589 (3d Cir.1984) (stating that there was "no reason for giving the class members interest earned after the settlement fund was in hand not only on their share of the fund but on the attorneys' share as well.... Evenhandedness demands that each party having an interest in that fund receive its share of fund earnings, pending distribution, in proportion to its interest."). The Court approves Lead Counsel's fee award of $55 million plus interest at the rate earned by the settlement fund.

## OPINION

This matter comes before the Court on petition by Lead Counsel and Lead Plaintiffs for attorneys fees. The Court, having considered the submissions of Lead Counsel and Lead Plaintiffs as well as of objecting class members Tere Throenle, Faye Schonbrun and the Joanne A. Aboff Family Trust, and having heard oral argument from the interested parties on December 30, 2002, on this ___ day of February, 2003, hereby ORDERS

1. That the presumption of reasonableness to be afforded the fee award negotiated by Lead Plaintiffs and Lead Counsel has not been rebutted, and that

2. The proposed fee award of $55 million plus interest is approved.